# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

RICKY BERNARD LACY

        Plaintiff,

v.                                                               Case No. 08-CV-127

FEDERAL BUREAU OF INVESTIGATION,

        Defendant.
_____

## ORDER

On February 5, 2008, pro se plaintiff Ricky Bernard Lacy filed a complaint against the Federal Bureau of Investigation ("FBI"), alleging that the FBI "put me under electronic surveillance on my body and teeth." (Compl. 1.) In connection with his complaint, the plaintiff filed a motion to proceed in forma pauperis.

Title 28 U.S.C. § 1915 is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action and still be able to provide for "the necessities of life." *Adkins*, 335 U.S. 331, 339 (1948).

The plaintiff's petition for leave to proceed in forma pauperis indicates that the plaintiff's total monthly income amounts to $1,572. Thus, according to the petition, it appears the plaintiff is able to pay the $350 filing fee in this action without undue hardship or deprivation of life's necessities, and on that basis alone his petition cannot be granted. *See Adkins*, 335 U.S. at 339.

In addition, it is readily apparent that the plaintiff's complaint lacks merit as required by 28 U.S.C. § 1915(e)(2)(B). The U.S. Supreme Court in *Neitzke* noted that a litigant proceeding in forma pauperis whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke*, 490 U.S. at 324. To prevent such abusive or captious litigation, 28 U.S.C. § 1915(e)(2)(B) directs federal courts to analyze the claims advanced in the plaintiff's complaint and dismiss them if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* at 324; 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The federal in forma pauperis statute, 28 U.S.C. § 1915, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993).

The standard of review for failure to state a claim under § 1915(e)(2)(B)(ii) is the same standard used when reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In determining whether a plaintiff's complaint fails to state a claim, a court assumes that the plaintiff's factual allegations are true and draws all reasonable inferences in the

-2-

Case 2:08-cv-00127-JPS    Filed 02/11/08    Page 2 of 4    Document 4

In addition, it is readily apparent that the plaintiff's complaint lacks merit as required by 28 U.S.C. § 1915(e)(2)(B). The U.S. Supreme Court in *Neitzke* noted that a litigant proceeding in forma pauperis whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke*, 490 U.S. at 324. To prevent such abusive or captious litigation, 28 U.S.C. § 1915(e)(2)(B) directs federal courts to analyze the claims advanced in the plaintiff's complaint and dismiss them if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* at 324; 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The federal in forma pauperis statute, 28 U.S.C. § 1915, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993).

The standard of review for failure to state a claim under § 1915(e)(2)(B)(ii) is the same standard used when reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In determining whether a plaintiff's complaint fails to state a claim, a court assumes that the plaintiff's factual allegations are true and draws all reasonable inferences in the

plaintiff's favor. *See Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In the instant case, the court notes that the plaintiff's complaint is difficult to understand, however, it is clear that the complaint does not satisfy all of the § 1915(e)(2)(B) requirements. The plaintiff's complaint reads, in whole, as follows:

> I'm filing this lawsuit against Briggs & Stratton and F.B.I. for lost wages, 401k, punitive damages for 31 years services. They discharge me in 2-7-88. They without my knowledge put me under electronic surveillance on my body and teeth. This still going on to this present day. I didn't ask for any of this. They did it without my knowledge and I don't appr[ec]iate it. They violate my (civil rights). They even monitor me in my home. They took everything from me, my job, car, my home. As a result of this I became (ill). This is result of my sickness (paranoid schizophrenia). They also took control of my bank account, bills, credit cards. They also mess with my family and friends. They ruined my teeth and control my body. They the state E.E.O.C. should have overturn the ruling, instead the[y] rule against me and rule in Briggs & Stratton favor. The broke into my home and stole the paperwork I had against Briggs & Stratton. I tried to get my copy from E.E.O.C. but they refuse to help me. I have a case against them to. They violated my (civil rights). The F.B.I. was instrumental on putting the (wire) on my body and teeths.

(Compl. 3-4.)

Even giving the plaintiff's complaint a generous interpretation, it is readily apparent that the complaint is an inconceivable fantasy. As written, the plaintiff's allegations "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. When a complaint contains factually baseless claims, such as those "describing fantastic or delusional scenarios," a district court can properly deny a plaintiff leave to proceed. *Neitzke*, 490 U.S. at 328. Further, if the court construes

-3-

Case 2:08-cv-00127-JPS   Filed 02/11/08   Page 3 of 4   Document 4

the plaintiff's claims to be brought under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), then the defendant is immune. The plaintiff's allegations may be framed as violations of his Fourth Amendment right to be free from unreasonable searches and seizures. In *FDIC v. Meyer*, 510 U.S. 471, 486 (1994), the U.S. Supreme Court refused to infer a *Bivens*-type cause of action against an agency of the federal government. Here, the plaintiff never alleges that individual agents violated his rights. In addition, his failure to provide factual support for his allegations prevents the court from finding any waiver of the defendant's sovereign immunity. As such, under § 1915(e)(2)(B)(iii), the plaintiff's suit must be dismissed.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's complaint (Docket # 1) be and the same is hereby **DISMISSED**.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge